IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bobby Gilbert and Carl Pollen, | ) C/A No. 2:13-2163-MGL-WWD |
| Plaintiffs, | ) |
| vs. | ) **Report and Recommendation** |
| William R. Byars, Agency Director, South Carolina Department of Corrections; Joseph McFadden, Warden; Dante Wright; Jerome Middleton; Rachel Ladagga; Ms. Ropper; Ms. Fowler; Thomas Sears; and Tarrance Jackson, | ) |
| Defendants. | ) |

This civil rights action brought pursuant to 42 U.S.C. § 1983[1] and various state tort causes of action by two state prisoners proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendants' motions to dismiss, or, in the alternative, for summary judgment filed on January 23, 2014. (Doc. 61).  28 U.S.C. § 636(b).

On July 14, 2013, Plaintiffs filed this action in the Court of Common Pleas for Dorchester County, South Carolina.  On August 9, 2013, Defendants removed the suit

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

to this court under the provisions of 28 U.S.C. §§1331 and 1441(c) as Plaintiffs claims invoked 42 U.S.C. § 1983, and therefore federal question jurisdiction since it alleged that Defendants, while acting under color of State law as corrections officers and administrators, did deprive Plaintiffs of certain rights, privileges, and/or immunities secured by the Constitution.  Specifically, Plaintiffs reference three (3) separate incidents in which they allege certain Defendants violated their Eighth Amendment rights to be free from cruel and unusual punishment, i.e.,  excessive use of force and deliberate indifference to serious medical needs.  They seek monetary damages.

The Plaintiffs, Bobby Gilbert ("Gilbert") and Carl Pollen ("Pollen")[2] are inmates incarcerated for life and presently housed at Leiber Correctional Institution ("LCI"), a facility of the South Carolina Department of Corrections ("SCDC").  At the time of the events at issue, Gilbert and Pollen shared a cell on LCI's Special Management Unit ("SMU").

Defendant Byars is the former Director of SCDC.  Defendant McFadden is the Warden of LCI.  Defendants Wright, Middleton, Sears, and Jackson were correctional officers working on the SMU at LCI.  Defendant Fowler was a Licensed Practical Nurse

---

[2]  Plaintiff Pollen signed the original complaint on May 21, 2012, and Plaintiffs' response to Defendants' answer dated September 2, 2012.  Thereafter Defendant Gilbert alone has completed the Marshal's Service forms and filed affidavits of service,  engaged in extensive motions practice including a motion to amend the complaint, written various letters to the court, and opposed the Defendants' motion to dismiss or in the alternative for summary judgment; Pollen signed none of the affidavits or motions in violation of the August 14, 2013, Order of the Honorable Bruce Howe Hendricks. (Doc. 8).  Furthermore, Plaintiff Pollen has not responded to the court's two (2) Roseboro orders or otherwise opposed the Defendants' dispositive motion.  Based on the foregoing, the undersigned finds that Plaintiff Pollen meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982), and Plaintiff Pollen should be dismissed from the action with prejudice for lack of prosecution and failure to follow court orders. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed. R. Civ. P.

employed by SCDC and working at LCI.  Defendants Ladagga and Roper were non-SCDC employed contract nurses providing services at LCI.

On January 23 and 24, 2014, the Plaintiffs were provided a copy of the Defendants' motions and were given an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975).  On February 24, 2014, Plaintiff Gilbert filed a motion pursuant to Rule 56 (d) which the Defendants opposed on March 2 and 13, 2014.[3]  Plaintiff Gilbert filed his opposition to the dispositive motion with his affidavit and exhibits on March 19, 2014.  On March 31, 2014, the Defendants replied to Gilbert's response.  The case was reassigned to the undersigned on June 5, 2014.  Hence it appears consideration of the motions is appropriate.

## GROUNDS PRESENTED

Defendants moved for judgment as a matter of law based upon the following legal grounds:

> 1. Plaintiffs have failed to exhaust their administrative remedies prior to filing suit.
> 2. Plaintiffs' 42 U.S.C. § 1983 claims against Defendants in their official capacities are barred pursuant to Eleventh Amendment Immunity.
> 3. There is no evidence to support Plaintiffs' claims of supervisory liability against former Director Byars or Warden McFadden in their individual capacities.
> 4. There is no evidence that Defendants Wright, Sears, Jackson, and/or Middleton used excessive force and/or knowingly violated Plaintiffs' constitutional rights.
> 5. There is no evidence that Defendants Wright, Sears, Jackson, Middleton, and/or Fowler were deliberately indifferent to any serious medical need of the Plaintiffs.

---

[3]  This motion should be denied as it is a rehash of previously denied motions to compel the production of documents.  (See, Doc. 52, 53, and 68).

6. Defendants are entitled to qualified immunity.
7. Defendants are entitled to summary judgment as to Plaintiffs' State law tort claims.

## SUMMARY JUDGMENT STANDARD

Pursuant to FED.R.CIV.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. FED.R.CIV.P. 56(c).

To avoid summary judgment on Defendants' motion, a Plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. FED.R.CIV.P. 56(e). See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255, 106 S.Ct. at 2513–14. In addition, genuineness

4

means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980);

## FACTS

The facts, either as presented by the Plaintiff or which are undisputed, with all reasonable inferences drawn in favor of the nonmovants, are as follows.

The Plaintiffs are cellmates at LCI, both had been sentenced to incarceration for life, and both had numerous major disciplinary convictions related to possession of contraband, including cell phones and drugs.

### First Incident

On April 6, 2012, at approximately 8 p.m., Officers Terrance Jackson, Thomas Sears, and Lt. Dante Wright were conducting cell searches on SMU B-wing where Gilbert and Pollen were housed. (Doc. 61, Affidavits of Wright, Sears, McFadden and Jackson; Incident Report, Management Information Notes narrative, and medical encounter notes). For security purposes, inmates on SMU are handcuffed before being removed from their cell. (Affidavits of McFadden and Wright). Lt. Wright gave Pollen and Gilbert direct verbal orders to report to the door to be handcuffed as required by SCDC policy. (Affidavits of McFadden, Wright, Jackson, and Sears; Ex. 3). Pollen did not comply with the order, but rather went to Gilbert's bunk to wake him up and talk to him. (Complaint at para. 16). Due to their noncompliance, Lt. Wright administered a two burst of MK9 fogger 1 into the Plaintiffs' cell; 133 grams were used. (Doc. 61 Ex. 3) Wright ordered the Plaintiffs to come to the door again but they could not do so since

5

"both plaintiffs was (sic) still disoriented from the first attack and could not find their way to the door." (Complaint para. 18).  Lt. Wright instructed Officer Jackson to secure the food flap on the cell door. (Id.).  Gilbert felt faint but he and Pollen then came to the door to be handcuffed and were handcuffed while the officers searched their cell for contraband. (Id., and Complaint para.19).

Both Gilbert and Pollen were seen and cleared by medical nurse Hall. (Id., see also Ex. 3 medical encounter note).  Both plaintiffs asked to have their eyes flushed and a shower but the nurse and Wright "declined"; they suffered pain for approximately a week. (Complaint para. 20, 24).

Both Plaintiffs were charged with refusing to obey direct orders.  Lt. Wright wrote an Incident Report and reported the incident to his supervisor. (Doc. 61 Aff. of Wright, Ex. 3, Incident Report and MIN narrative).

Plaintiff Gilbert filed a Step 1 Grievance, LCI-0832-12, against Defendants Wright and Jackson on April 10, 2012, which was forwarded to the Inmate Grievance Branch for possible review by the Division of Investigations (DOI) due to the serious allegations made against correctional officers.  Plaintiff Gilbert was informed that "the time frames stated in GA-01-12 Inmate Grievance System for responses to grievances are not applied to grievances sent to the DOI. The time frame for response begins once the grievance returns from DOI." (Complaint Ex. A).

On June 26, 2013, almost two (2) weeks after Plaintiff Gilbert filed the instant suit,  M. Disbrow, of the Inmate Grievance Office responded to a Request to Staff from Plaintiff Gilbert in which he asked how many and which grievances he had pending.  M. Disbrow indicated that he had a pending Step 2 grievance from that grievance, LCI-

0832-12, which he filed November 7, 2012, as well as seven (7) other denominated Step 1 and Step 2 grievances. (Doc. 73, Ex. A). Therefore the grievance concerning the first incident had been pending for eight (8) months prior to the filing date of this suit, July 14, 2013.

### Second incident

The next incident of which Plaintiff Gilbert complains occurred on June 8, 2012, at approximately 12:30 a.m. Lt. Wright was performing a security check on SMU B-wing. (Doc. 61, Aff. of Wright; Ex. 4, Incident Report, Use of Force Report, MIN narrative). As Wright looked into Gilbert and Pollen's cell door window, Pollen rushed to block the window shouting "What the f*** you looking in here for ?" (Complaint ¶27; Doc 61, Aff. of Wright; Ex. 4). Lt. Wright saw Gilbert using a contraband cell phone. (Id.). Lt. Wright ordered Pollen to step aside and Gilbert to stand up. (Id.). Plaintiffs complied. (Complaint ¶ 28). Lt. Wright then saw a sock which appeared to be stuffed with something and looked suspicious to him. (Doc 61, Aff. of Wright; Ex. 4). Lt. Wright radioed for additional officer assistance. (Id.). Responding officers included Officer Sears as well as four others. (Id., see also Aff. of Thomas Sears).

According to Plaintiff Gilbert, Sears handcuffed the Plaintiff and Wright then sprayed mace into his face. (Complaint ¶ 29). Plaintiff Gilbert tried to get away and Plaintiff Pollen tried to help free him. (Complaint ¶¶ 30, 31). In response, Wright sprayed Pollen with mace. (Id.). Again, the Plaintiffs were denied medical treatment and suffered pain.

It is undisputed that both Plaintiffs were charged for failure to obey direct orders and possession of contraband; Pollen was convicted of possession of drugs and

7

possession of a cell phone.( Doc. 61 Aff. of Wright; see also, Ex. 2 and Ex. 5, SCDC Disciplinary Report).  Wright filled out an Incident Report, a Use of Force Report, and also reported the incident to his supervisor. (Doc.61 Aff. of Wright and Ex. 4).

Gilbert filed a Step 1 grievance, LCI-1254-12,  against Wright on June 18, 2012, which was also sent to the Inmate Grievance Branch for possible review by the DOI due to the serious allegations made against a correctional officer.  Plaintiff Gilbert was again informed that "the time frames stated in GA-01-12 Inmate Grievance System for responses to grievances are not applied to grievances sent to the DOI. The time frame for response begins once the grievance returns from DOI." (Complaint Ex. C).

The grievance was returned from the DOI, and on October 24, 2012, after this action was filed, Defendant Warden McFadden denied the grievance.  The denial included specific directions that, "If you are not satisfied with the Warden's decision, you may appeal to the appropriate responsible official within five (5) days of your receipt of the Warden's decision , via the Institutional Grievance Coordinator. (Id).  Plaintiff Gilbert appealed the denial on November 1, 2012. (Doc. 73, Ex. A).  Therefore, that Step 2 grievance was pending for nine (9) months before Gilbert filed suit on July 14, 2013.

### Third incident

Plaintiff Gilbert last alleges that on January 7, 2013, Lt. Wright threatened him over the fact that Gilbert had filed so many grievances. (Complaint, ¶¶ 36 – 38). Plaintiff Gilbert alleges in addition, that a month after Wright's threats, on February 8, 2013, he was tripped by Defendant Middleton while being escorted down the stairs.  He claims that Defendants Middleton, Wright, and Defendant nurses Fowler and Roper

ignored his serious injuries related to the fall. (Complaint ¶¶ 40 – 45).  The sworn statements of the officers and nurses, along with the contemporaneous documentation related thereto, were filed by the Defendants in opposition to the claim, and as expected, tell a completely polar version of what happened.

On January 14, 2013, Gilbert filed a Step 1 Grievance, LCI-0073 against Defendant Wright which alleged that Wright threatened him.  As with the previous grievances, Gilbert was informed that his grievance was forwarded to the Inmate Grievance Branch for possible review by the DOI due to the serious allegations made against the correctional officer.  Plaintiff Gilbert was informed that "the time frames stated in GA-01-12 Inmate Grievance System for responses to grievances are not applied to grievances sent to the DOI. The time frame for response begins once the grievance returns from DOI."  (Complaint ex. D).  The DOI completed its review and returned the grievance for processing.  On February 5, 2013, the Defendant Warden denied the grievance.  Again, M. Disbrow, of the Inmate Grievance Office responded to a Request to Staff from Plaintiff Gilbert in which he asked how many and which grievances he had pending and M. Disbrow indicated that he had filed a Step 2 Grievance from the denial on February 10, 2013, which was pending as of June 26, 2013. (Doc. 73, Ex. A).  Therefore the Step 2 grievance had been pending for five (5) months before the instant suit was filed.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants pled the affirmative defense of failure to comply with the Prison Litigation Reform Act's  (PLRA) exhaustion requirement, 42 U.S.C. 1997e(a), and moved for dismissal and/or summary judgment raising such failure as their first basis for

relief. (Doc. 10, Answer of Byars, McFadden, Wright, and Fowler, ¶¶ 40-41, and Doc. 48, Answer of Middleton, Sears, and Jackson, ¶¶ 40-41). It appears the Defendants are correct and are entitled to have the case dismissed without prejudice on that basis.

The PLRA requires that a prisoner exhaust the available administrative remedies before filing a Section 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended §1997(e) so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a).

Accordingly, before a Plaintiff may proceed with his claims in this Court, he or she must first exhaust all administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6thCir. 2001) (exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though plaintiff claimed he was afraid). In short, a failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81,126 S.Ct. 2378, 2386 (2006).

Here, Plaintiffs concede that there is a prisoner grievance procedure at LCI. (Ex.

A, C, D, E to Complaint).  Critically, Plaintiff Gilbert filed  Step 2 appeals from the Warden's denial of his relevant Step 1 grievances, but all were pending resolution when he filed the instant suit. (Doc. 71, ex. E).   Based upon this undisputed fact, Gilbert has failed to exhaust required administrative remedies prior to filing this § 1983 action and dismissal without prejudice for failure to do so, as required by the PLRA, is appropriate.

Gilbert, in his objection memorandum, points out, correctly, that some courts have held that the exhaustion requirements of the PLRA should not be construed so narrowly as to permit prison officials to exploit the exhaustion requirement through an indefinite delay.  In other cases, this court has excused the exhaustion requirement when it found that prison officials had appeared to be thwarting a plaintiff's right to bring a federal lawsuit by indefinitely delaying a final decision on a grievance. In <u>Pellum v. Burtt</u>, 2008 WL 759084 (D.S.C. 2008) District Judge Joseph Anderson found that plaintiff is deemed to have exhausted his administrative remedies because he has not received a timely determination for his grievances, which have been pending for over three (3) years.  In <u>Mattress v. Taylor</u>, District Judge Michael Duffy denied dismissal on failure to exhaust where grievance not responded to fifteen (15) months after it was submitted. 487 F.Supp.2d 665, 671-72 (D.S.C. 2007).

Here, however, two of the Step 2 grievances were not filed until November 2012, and the third was not filed until February 2013.  This court is aware of the numerous grievances and appeals filed each year by inmates with the SCDC.  This court cannot say that a period of time from five (5) to nine (9) months represents a period of inordinate delay excusing the PLRA's pre-filing requirement. See <u>Stroman v. Byars,</u>, 2013 WL 4524167 ( District Judge Joseph Anderson found seven (7) month delay

insufficient to find grievance procedure unavailable).  Therefore, the Defendants are correct in asserting that this case cannot be brought until all relevant grievances have been properly administratively exhausted within the meaning of the PLRA.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that Plaintiff Pollen be dismissed from the action with prejudice for failure to prosecute and failure to obey court orders, that Defendant Gilbert's Motion under Rule 56(d) be denied as having previously been ruled upon, that Defendants motion to dismiss or in the alternative for summary judgment be granted and the action be dismissed without prejudice to refiling after Gilbert's administrative remedies are properly exhausted.

**IT IS SO RECOMMENDED**.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 18, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).