

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BOBBY GILBERT and CARL POLLEN,     § | |
|     Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:13-2163-MGL-WWD |
| § | |
| WILLIAM R. BYARS, Agency Director, § | |
| South Carolina Department of Corrections; § | |
| JOSEPH MCFADDEN, Warden; § | |
| DANTE WRIGHT; JEROME MIDDLETON, § | |
| RACHEL LADAGGA; MS. ROPPER; § | |
| MS. FOWLER; THOMAS SEARS; and § | |
| TERRANCE JACKSON, § | |
|     Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DISMISSING PLAINTIFF POLLEN'S CLAIMS WITH PREJUDICE,
DENYING PLAINTIFF GILBERT'S RULE 56(D) MOTION,
GRANTING DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT, AND
DISMISSING PLAINTIFF GILBERT'S CLAIMS WITHOUT PREJUDICE

This case was filed as a 42 U.S.C. § 1983 action. Plaintiffs are proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff Pollen's claims be dismissed with prejudice for his failure to prosecute and to obey court orders, Plaintiff Gilbert's motion under Rule 56(d) be denied, Defendants' motion to dismiss or in the alternative for summary judgment be granted, and Plaintiff Gilbert's claims be dismissed without prejudice for his failure to properly exhaust his administrative

remedies. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 18, 2014, and the Clerk of Court entered Plaintiff Gilbert's objections on August 1, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

In Plaintiff Gilbert's objections, he contends that the Report contains several inaccurate factual statements. But, even if he is correct, those purported inaccuracies are immaterial to the Magistrate Judge's ultimate conclusion that Plaintiff failed to exhaust his administrative remedies before filing this suit. And, contrary to Plaintiff Gilbert's contentions, as the Magistrate Judge goes to great lengths to explain, Defendants' delay in responding to Plaintiff Gilbert's grievances does not amount to an inordinate delay such that it would be appropriate to put aside the Prison Litigation Reform Act's exhaustion requirement, as set forth at 42 U.S.C. § 1997e(a).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff Gilbert's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff Pollen's claims are **DISMISSED WITH PREJUDICE** for his failure to prosecute and to obey court orders, Plaintiff Gilbert's motion

under Rule 56(d) is **DENIED**, Defendants' motion to dismiss or in the alternative for summary judgment is **GRANTED**, and Plaintiff Gilbert's claims are **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.

**IT IS SO ORDERED**.

Signed this 14th day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiffs are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.